GARY P. BURCHAM
BURCHAM & ZUGMAN
California Bar No. 190780
402 West Broadway, Suite 1130
San Diego, CA 92101
Telephone: (619) 699-5930
garypburcham@gmail.com

Attorneys for Michael Angel Alvarez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MICHAEL ANGEL ALVAREZ,<br>Defendant. | No. 26-cr-0405-AH<br><br>Motion Hearing Date: 9/9/26 at 8:30 a.m.<br>Pretrial Conf. Date: 9/16/26 at 10:00 a.m.<br>Trial Date: 10/6/26 at 8:30 a.m.<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT** |

TO: THE UNITED STATES ATTORNEY AND HIS COUNSEL OF RECORD, JENA MACCABE, ASSISTANT U.S. ATTORNEY

PLEASE TAKE NOTICE that on September 9, 2026, at 8:30 a.m., or as soon thereafter as counsel may be heard, Defendant, Michael Angel Alvarez, by and through his attorney, Gary P. Burcham, hereby moves this Court for an order dismissing the indictment. Mr. Alvarez bases this motion on the attached memorandum and exhibits, the files and records in this case, and any other evidence or argument the Court may consider.

Defense counsel has discussed the substance of this motion and any potential resolution with the government, and the government opposes this motion.

Respectfully submitted,

Dated: August 11, 2026

/s/ Gary P. Burcham
GARY P. BURCHAM
Attorney for Michael Alvarez

# TABLE OF CONTENTS


INTRODUCTION . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . 1

A. Mr. Alvarez's Cal. Penal Code § 187 Case . . . . . . . . . . 1

B. The Instant Charges . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . 4

THE INDICTMENT SHOULD BE DISMISSED PURSUANT TO FED. R. CRIM. PRO. 12(b)(3)(B) BECAUSE PETITIONER DOES NOT HAVE A QUALIFYING PREDICATE CRIME OF VIOLENCE CONVICTION . . . . . . . . . . 4

A. This Motion to Dismiss is Properly Raised Pursuant to Fed. R. Crim. Pro. 12(b)(3)(B) . . . . . . . . . . 5

B. Mr. Alvarez's Juvenile Adjudication Is Not A Predicate Crime of Violence Conviction As Required By Section 931(a) . . . . . . . . . . 5

1. Classifications and Applications of Juvenile Adjudications Under California Law . . . . . . . . . . 5

2. Mr Alvarez's Juvenile Adjudication is Not A Criminal Conviction and Does Not Otherwise Satisfy the Section 931(a) Prior Crime of Violence Conviction Requirement . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . 10

EXHIBIT "A" (Court documents from Criminal Case No. BA206127)

EXHIBIT "B" (Court documents from Juvenile Case No. EL1019A)

# TABLE OF AUTHORITIES

**Federal Cases**


Longview Fibre Co. v. Rasmussen, 980 F.2d 1307 (9th Cir. 1992) . . . . . . . . . . . . . . . . 8-9

Silvers v. Sony Pictures Entm't, 402 F.3d 881 (9th Cir. 2005) (en banc). . . . . . . . . . . . . . 8

United States v. Corona-Sanchez, 291 F.3d 1201 (9th Cir. 2002) (en banc) . . . . . . . . . . 10

United States v. Doe, 53 F.3d 1081 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Door, 996 F.3d 606 (9th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Gauld, 865 F.3d 1030 (8th Cir. 2017) (en banc). . . . . . . . . . . . . . . . . . . . 9

United States v. Gonzalez-Cervantes, 668 F.2d 1073 (9th Cir. 1981) . . . . . . . . . . . . . . . . 7

United States v. Mendez, 765 F.3d 950, 952 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Phillips, 367 F.3d 846 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Vargas-Hernandez v. Gonzalez, 497 F.3d 919 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 7


**California State Cases**


In re Anthony R., 154 Cal. App. 3d 772 (Cal. Ct. App. 1984) . . . . . . . . . . . . . . . . . . . . . 6

In re Joseph B, 34 Cal. 3d 952 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

People v. Heard, 83 Cal. App. 5th 608 (Cal. Ct. App. 2022) . . . . . . . . . . . . . . . . . . . . . . 1

People v. Hwang, 60 Cal. App. 5th 358 (Cal. Ct. App. 2021). . . . . . . . . . . . . . . . . . . . . . 2

People v. Lee, 111 Cal. App. 4th 1310 (Cal. Ct. App. 2003) . . . . . . . . . . . . . . . . . . . . . . 6


**Federal Statutes**


8 U.S.C. § 1101(a)(43) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 16(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 521(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

18 U.S.C. § 931(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 924(e)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 2252(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 16911(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**State Statutes**

Cal. Penal Code § 187 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3,5,10
Cal. Penal Code § 667 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Cal. Penal Code § 4502(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Cal. Welfare and Instit. Code § 203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Cal. Welfare and Instit. Code § 604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Federal Rules**

Fed. R. Crim. Pro 12(b)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Other Materials**

Ninth Cir. Model Crim. Jury Inst. 14.24 (revised June 2021) . . . . . . . . . . . . . . . . . . . . 4-5,8

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant, Michael Alvarez, is charged with being a violent felon in possession of body armor, in violation of 18 U.S.C. § 931(a). The indictment alleges that Mr. Alvarez is a violent felon by virtue of a prior felony conviction he suffered for first degree murder pursuant to Cal. Penal Code § 187. Mr. Alvarez was fifteen years of age when the acts underlying this offense occurred, but he was charged and convicted as an adult. Id.

Due to the subsequent passage of legislation in the State of California generally precluding the prosecution of minors under the age of 16 as adults, however, Mr. Alvarez's adult conviction was set aside in 2024. The case was certified to juvenile court, and the only judgment now existing against Mr. Alvarez is a juvenile adjudication. Mr. Alvarez argues in this motion that the indictment must be dismissed because his juvenile adjudication is not a criminal conviction under either California or federal law, and it cannot provide the basis for the section 931(a) element which requires a felony crime of violence conviction.

## BACKGROUND

### A. Mr. Alvarez's Cal. Penal Code § 187 Case

In February 2011, when Michael Alvarez was 15 years of age, he was charged with first-degree murder, in violation of Cal. Penal Code 187(a), in Los Angeles County Superior Court, case number BA206127. [Ex. "A" at 2-4]. The charge related to a shooting which resulted in the death of another person. Mr. Alvarez was tried as an adult, and he was convicted by a jury of the section 187 charge. Id. at 5-6. Mr. Alvarez was sentenced to 50 years to life: 25 years to life for the murder charge, and 25 years to life for a gun enhancement. Id.

In 2022, the California Court of Appeal decided People v. Heard, 83 Cal. App. 5th 608 (Cal. Ct. App. 2022), which held that juveniles who were sentenced to the functional equivalent of a life-in-prison sentence could petition for re-sentencing pursuant to Cal. Penal Code § 1170(d)(1). Section 1170(d)(1)(A) provides that "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was

sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Id. Mr. Alvarez's fifty years-to-life sentence satisfied that benchmark, and he filed such a petition in the Superior Court. [Ex. "A" at 7]. A re-sentencing pursuant to this section "replaces the original sentence, the original sentence is no longer operative, and the finality of the original sentence is no longer material." People v. Hwang, 60 Cal. App. 5th 358, 366-67 (Cal. Ct. App. 2021). This meant that Mr. Alvarez was "entitled to the benefits of Proposition 57 and Senate Bill No. 1391," id. at 367, the latter of which "prohibit[ed] prosecuting attorneys from moving to transfer individuals who commit certain offenses when they were 14 or 15 years old to adult court," unless they were "not apprehended prior to the end of juvenile jurisdiction."[1] Id. at 365.

In June 2024, Mr. Alvarez's adult conviction was set aside and his case was certified to juvenile court. [Ex. "B" at 2-12]. In a minute order dated September 12, 2024, Mr. Alvarez was declared to be a ward of the Los Angeles County Juvenile Justice Court, and it was further ordered that the California Department of Corrections and Rehabilitation lift any hold on Mr. Alvarez related to the BA206127 case. Id. at 7-8. On September 18, 2024, the formal disposition of the case occurred, with the juvenile court finding that the petition is true and sustained, and declaring the offense be a felony. Id. at 9-12. Mr. Alvarez was released from custody and ordered to be placed in the care, custody, and control of the Probation Officer subject to the terms and conditions provided by the juvenile court. Id. at 9-14.

**B. The Instant Charges**

On May 18, 2026, LAPD officers stopped Mr. Alvarez and searched his vehicle near downtown Los Angeles. [ECF at 10]. Mr. Alvarez was on probation at the time of this search from a conviction he suffered in April 2025 for possessing a weapon while in custody, in violation of Cal. Penal Code. § 4502(a). Id. In the trunk of Mr. Alvarez's vehicle, officers found two body armor plates. Id. at 11. There was no vest or any other item present with

[1] Mr. Alvarez was arrested for that offense at age 15.

which the plates could have been deployed on Mr. Alvarez's body.

Mr. Alvarez originally was charged in Los Angeles County Superior Court with the unlawful possession of the armor plates. Mr. Alvarez posted bond immediately. On May 27, 2026, Mr. Alvarez was charged by complaint in this Court with a violation of 18 U.S.C. § 931(a) - violent felon in possession of body armor. [ECF 1].

Magistrate Judge Pedro Castillo set an unsecured bond in the amount of $10,000, to be signed by Mr. Alvarez's sister. [ECF 11]. The government appealed this order, and District Judge Percy Anderson entered a written order rescinding that bond order, and ordering Mr. Alvarez to be detained. [ECF 20]. Mr. Alvarez has remained in custody since his arrest.

On June 23, 2026, the government obtained an indictment charging Mr. Alvarez with one count of being a violent felon in possession of body armor. [ECF 21]. Specifically, the indictment alleges:

> On or about May 18, 2026, in Los Angeles County, within the Southern District of California, defendant MICHAEL ANGEL ALVAREZ, also known as "Diablo," knowingly possessed body armor, named, two IRON ARMADILLO model Level IV/RF3, rifle plates, after such body armor had been sold and offered for sale in interstate and foreign commerce.
>
> Defendant ALVAREZ possessed such body armor knowing that he had previously been convicted of a crime of violence and an offense under state law that would constitute a crime of violence if it occurred within the special maritime jurisdiction of the United States, namely, First-Degree Murder, in violation of California Penal Code Section 187(a), in the Superior Court of the State of California, County of Los Angeles, case number BA206127, on or about December 5, 2002.

[ECF 21].

Trial currently is set for October 5, 2026, at 8:30 a.m. The pretrial conference is set for September 16, 2026, at 10:00 a.m.

## ARGUMENT

### THE INDICTMENT SHOULD BE DISMISSED PURSUANT TO FED. R. CRIM. PRO. 12(b)(3)(B) BECAUSE PETITIONER DOES NOT HAVE A QUALIFYING PREDICATE CRIME OF VIOLENCE CONVICTION

18 U.S.C. § 931(a) provides, in relevant part,

> (a) In General.—Except as provided in subsection (b), it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is—
>
> (1) a crime of violence (as defined in section 16); or
>
> (2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States.

18 U.S.C. § 931(a).

The Ninth Circuit model jury instructions list the elements of this offense as follows:

> 14.24 Firearms—Unlawful Possession of Body Armor
> (18 U.S.C. § 931(a))
>
> The defendant is charged in [Count ____ of] the indictment with possessing body armor in violation of Section 931(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly possessed body armor;
>
> Second, the defendant had previously been convicted of a felony; and
>
> Third, the defendant knew that [his][her] felony conviction had as an element the use, attempted use, or threatened use of physical force.
>
> **Comment**
>
> The term 'body armor' means any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment." 18 USC § 921(a)(35).
>
> In *United States v. Door*, 996 F.3d 606, 615 (9th Cir. 2021), the Ninth Circuit held that "the government must prove that a defendant who possessed body armor knew that (1) he was convicted of a felony and, (2) the felony of which he was convicted had as an element 'the use, attempted use, or threatened use of physical force.'"

Ninth Cir. Model Crim. Jury Inst. 14.24 (revised June 2021).

**A. This Motion to Dismiss is Properly Raised Pursuant to Fed. R. Crim. Pro. 12(b)(3)(B)**

Mr. Alvarez is arguing in this motion that the indictment should be dismissed because he does not have a qualifying felony conviction for a crime of violence, a requirement of section 931(a). Fed. R. Crim. Pro 12(b)(3)(B) permits criminal defendants to contest the sufficiency of an indictment if it contains a defect, which includes a failure to state an offense. See Fed. R. Crim. Pro 12(b)(3)(B). Mr. Alvarez here is presenting the narrow legal question of whether his section 187 juvenile adjudication, as a matter of law, qualifies as a felony crime of violence conviction to satisfy this element of the instant section 931(a) charge. Because this determination is a question of law that requires no determination of facts by a jury, this motion is properly raised under Rule 12. See United States v. Phillips, 367 F.3d 846, 855 (9th Cir. 2004) (motion to dismiss was properly raised because facts were uncontested, court was presented with "a pure issue of law," and no "good cause existed to defer its ruling until trial.").

**B. Mr. Alvarez's Juvenile Adjudication Is Not A Predicate Crime of Violence Conviction As Required By Section 931(a)**

**1. Classifications and Applications of Juvenile Adjudications Under California Law**

In order to determine whether Mr. Alvarez's juvenile adjudication may serve as a predicate conviction, this Court "must look [] to state law." United States v. Mendez, 765 F.3d 950, 952 (9th Cir. 2014). Under California law, a delinquency adjudication is not a criminal conviction. See Cal. Welfare and Instit. Code § 203. That section provides: "an order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." Id. See also In re Joseph B, 34 Cal. 3d 952, 955 (1983) (noting that "adjudications of juvenile wrongdoing are not 'criminal convictions.'")

As the documents provided by Mr. Alvarez demonstrate, he does not currently have a criminal conviction in connection with his section 187 matter. His section 187 case was certified to the juvenile court in June 2024. [Ex. "B" at 2]. At the time this certification

occurred, this resulted in the immediate suspension of "all proceedings against the person on that charge." Cal. Welfare and Instit. Code § 604. When the juvenile court subsequently entered its judgment against Mr. Alvarez in September 2024, finding him a ward pursuant to section 602, that the petition was true and sustained, and imposing the sentence against him, the adult conviction was set side and replaced by this juvenile court judgment. [Ex. "B" at 9-12]. So at the current time, Mr. Alvarez does not have a conviction in case number BA206127. Instead, he has a juvenile adjudication in case number ER1019A.

The fact that California juvenile adjudications can qualify as state "strikes" does not change the fundamental rule that "adjudications of juvenile wrongdoing are not 'criminal convictions.'" Joseph B, 34 Cal. 3d at 955. In People v. Lee, 111 Cal. App. 4th 1310, 1313 (Cal. Ct. App. 2003), the California Court of Appeal found that "[b]y enacting the three strikes law, the Legislature has not transformed juvenile adjudications into criminal convictions; it simply has said that, under specified circumstances, a prior juvenile adjudication may be used as evidence of past criminal conduct for the purpose of increasing an adult defendant's sentence." A juvenile adjudication which qualifies as a strike therefore is still not a criminal conviction.

In any event, the adjudication is not a strike in this case. Pursuant to Cal. Penal Code § 667, a "prior juvenile adjudication constitutes a prior serious or violent felony conviction for purposes of sentence enhancement if, among other requirements, "the juvenile was 16 years of age or older at the time the juvenile committed the prior offense." Cal. Penal Code § 667(d)(3)(A). Because Mr. Alvarez was only 15 years of age at the time of the juvenile offense, it is not a state strike.

Nor does the fact that the state judge declared this adjudication to be a "felony" change the classification of this disposition. See In re Anthony R., 154 Cal. App. 3d 772, 778 (Cal. Ct. App. 1984) ("[It] must be stressed that despite the unfortunate language utilized in section 702, various superior court 'minute order' forms, cited appellate court decisions, and even subdivision (f) of article I, section 28, of the California Constitution itself, 'declare' as it may, a court can never actually convert a juvenile proceeding into a criminal one, nor

transform the conduct that led to a minor's wardship into either a 'felony' or a 'misdemeanor.' In such an action a minor is not charged with a crime, tried for a crime, nor convicted of a crime."). "A juvenile's delinquency may consist of felony activity, but an adjudication as such is not a *felony conviction*." People v. Sanchez, 170 Cal. App. 3d 216, 218 (Cal. Ct. App. 1985) (emphasis in original).

**2. Mr Alvarez's Juvenile Adjudication is Not A Criminal Conviction and Does Not Otherwise Satisfy the Section 931(a) Prior Crime of Violence Conviction Requirement**

Under federal law, juvenile adjudications also are not considered to be criminal convictions. In United States v. Doe, 53 F.3d 1081, 1083 (9th Cir. 1995), the Ninth Circuit noted that a proceeding under the Federal Juvenile Delinquency Act "results in a civil adjudication of status, not a criminal conviction." See also United States v. Gonzalez-Cervantes, 668 F.2d 1073, 1075 (9th Cir. 1981) ("[a]djudication of juvenile delinquency is not a conviction of a crime, but rather, a determination of a juvenile's status. It is a civil rather than a criminal prosecution."). Juvenile adjudications also are not considered to be convictions under immigration law. See Vargas-Hernandez v. Gonzalez, 497 F.3d 919, 923 (9th Cir. 2007) (finding that petitioner's prior conviction was an adult conviction for immigration purposes because "[t]here is no evidence he was ever adjudged a juvenile delinquent."). So although we know that Mr. Alvarez's juvenile adjudication is not a criminal "conviction" generally under state or federal law, this case still presents the question of whether this juvenile adjudication nonetheless can satisfy this required element in 931(a). It cannot.

Starting with the relevant language of section 931(a), this requires that prior to the possession at issue, a person has been convicted of a "felony that is—(1) a crime of violence (as defined in section 16); or (2) an offense under State law that would constitute a crime of violence under paragraph (1)...." 18 U.S.C. § 931(a). 18 U.S.C. § 16(a) provides that the term "crime of violence" means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The Ninth Circuit model jury instruction requires the government to prove that a defendant knew his

"felony conviction had as an element the use, attempted use, or threatened use of physical force." Ninth Cir. Model Crim. Jury Inst. 14.24 (revised June 2021). Mr. Alvarez's juvenile adjudication fails to meet this Rule 16(b) standard for the simple reason that he does not have a "conviction" for a crime of violence.[2]

Juvenile adjudications nonetheless may qualify as "convictions" in certain federal contexts to increase criminal punishment or impose special burdens. For instance, the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), includes juvenile adjudications in the definition of a violent felony. That section provides that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult...." 18 U.S.C. § 924(e)(2)(B); see also United States v. Tighe, 266 F.3d 1187, 1192 (9th Cir. 2001) (noting that Congress characterized juvenile adjudications as "prior conviction[s]" for purposes of ACCA). In the Sex Offender Registration and Notification Act ("SORNA"), Congress specified that "[t]he term 'convicted' or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense," subject to certain limitations. See 42 U.S.C. § 16911(8). And in 18 U.S.C. § 521(a), a provision of the Violent Crime Control and Law Enforcement Act which sanctions increased sentences for certain crimes involving street gangs, Congress specified that a "'[c]onviction' includes a finding, under State or Federal law, that a person has committed an act of juvenile delinquency involving a violent or controlled substances felony." 18 U.S.C. § 521(a).

"The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions." Silvers v. Sony

---

[2] Mr. Alvarez also has a 2025 conviction for possession of a weapon in custody, in violation of Cal. Penal Code § 4502(a). This is not a crime of violence, as it does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

Pictures Entm't, 402 F.3d 881, 885 (9th Cir. 2005) (en banc) (internal quotation marks omitted)). "Understood as a descriptive generalization about language rather than a prescriptive rule of construction, the maxim [of expressio unius] usefully describes a common syntactical implication." Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1313 (9th Cir. 1992).

Applying this basic canon to the instant issue, the fact that Congress explicitly classified juvenile adjudications as "convictions" in the above contexts, but did not do so in section 931(a), demonstrates that juvenile adjudications are excluded from consideration under section 931(a). The Eighth Circuit's en banc decision in United States v. Gauld, 865 F.3d 1030 (8th Cir. 2017) (en banc), should control this Court's determination on this issue. There, defendant pled guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). Id. at 1031. Over objection, the district court counted defendant's prior juvenile adjudication as an enhancing conviction under section 2252(b)(2), which meant that a mandatory-minimum of fifteen years applied to his case. Id. A three-judge panel affirmed, but an en banc Eighth Circuit reversed. After noting that Congress had included juvenile adjudications in the contexts of ACCA, SORNA, and section 521(a), the Court wrote:

> To read prior conviction as embracing juvenile-delinquency adjudications would require "[d]rawing meaning from silence," which is "particularly inappropriate where Congress has shown that it knows how to direct sentencing practices in express terms." *Dean v. United States*, 137 S. Ct. 1170, 1177, 197 L. Ed. 2d 490 (2017) (alteration in original) (internal quotation marks omitted) (quoting *Kimbrough v. United States*, 552 U.S. 85, 103, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007)). In the statutes above defining conviction to include juvenile-delinquency adjudications, "Congress has shown just that." *See id.* Congress could easily have said that, like criminal convictions for sexual abuse, juvenile-delinquency adjudications for sexual abuse triple the mandatory minimum sentence under § 2252(a)(2). *See id.* But it did not. The fact that juvenile-delinquency adjudications are expressly "convictions" in some statutes indicates that "Congress has been aware of a clear way" to trigger mandatory minimum sentences with juvenile-delinquency adjudications, *see id.* at 1178, even though Congress has never amended § 2252 to provide such a trigger.

Gauld, 865 F.3d at 103.

The same result must apply here. Congress is well aware how to draft a criminal

statute which includes juvenile adjudications as "convictions." It did so in Title 18 with section 521(a) which was passed in 1994, see Pub. L. No. 103-322, 108 Stat. 1796, just eight years before it passed section 931(a). See Pub. L. No. 107-273, Div. C, Title I, § 11009, 116 Stat. 1819, 1821. The fact that Congress did not include such language for section 931(a) demonstrates that it only intended this statute to reach persons who possessed body armor after having suffered a crime of violence "conviction." Not a juvenile adjudication, but a conviction.

Finally, any argument by the government that this juvenile adjudication should qualify as a conviction for purposes of section 931(a) because the maximum penalty was in excess of one year in custody should be rejected. It is true that state misdemeanor convictions can qualify as felony "convictions" under a categorical approach. See, e.g., United States v. Corona-Sanchez, 291 F.3d 1201, 1210 (9th Cir. 2002) (en banc) ("a crime may be classified as an 'aggravated felony' under 8 U.S.C. § 1101(a)(43) without regard to whether, under state law, the crime is labeled a felony or a misdemeanor . . . . The relevant question is whether the crime meets the definition of an 'aggravated felony' under federal sentencing law."). But this fact is of no moment here, because Mr. Alvarez does not have a section 187 "conviction." No matter what the maximum penalty was, or whether the juvenile court designated the adjudication as a felony, Mr. Alvarez's section 931(a) case is not a conviction, and he therefore cannot be convicted of the instant charge as a matter of law.

**CONCLUSION**

For the aforementioned reasons, Mr. Alvarez respectfully asks this Court to dismiss the indictment in this case.

Respectfully submitted,

Dated: August 11, 2026

/s/ Gary P. Burcham
GARY P. BURCHAM
Attorney for Michael Alvarez