TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5046
Facsimile: (213) 894-0141
E-mail: jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ANGEL ALVAREZ,
aka "Diablo,"

Defendant.

No. CR 26-405-AH

OPPOSITION TO *EX PARTE* APPLICATION FOR AN ORDER TEMPORARILY RELEASING DEFENDANT FROM CUSTODY SO THAT HE CAN ATTEND THE FUNERAL SERVICES FOR HIS GRANDMOTHER (DKT. 33)

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jena A. MacCabe, hereby files its opposition to defendant MICHAEL ANGEL ALVAREZ's ("defendant") ex parte application for an order temporarily releasing defendant from custody so that he can attend the funeral services for his grandmother (Dkt. 33).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 25, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

/s/
JENA A. MACCABE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under the Bail Reform Act, "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); see also United States v. Ryan, 445 F. Supp. 3d 707, 708 (C.D. Cal. 2020) (noting that the Bail Reform Act allows for temporary release for 'compelling reasons' only."); United States v. Boatwright, 612 F. Supp. 3d 1169, 1179 (D. Nev. 2020) ("The Bail Reform Act allows for temporary release only if the Court determines such release is 'necessary' for a compelling reason."); United States v. Terrone, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020) ("A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i).").

"[T]he relief authorized by Section 3142(i) is to be used 'sparingly.'" United States v. Toledo Pardo, No. 2:22-CR-00151-LK, 2023 WL 4641055, at *1 (W.D. Wash. July 20, 2023) (denying prisoner's motion for a five-hour temporary release "based on his desire to attend his cousin's funeral to honor him and grieve with his family"); see, e.g., United States v. Lerma, No. 2:18-cr-00172-GW, at Dkt. 1768 (denying temporary release to attend funeral); United States v. Barber, No. 8:21-cr-00196-ODW, at Dkt. 91 (same); United States v. Vargas, No. 8:22-cr-00137-PA, at Dkt. 25 (same); United States v. Hardgraves, No. 2:23-cr-00414-MWF, at Dkt. 93 (same). Such determinations must be made in the context of the Bail Reform as a whole, which demands that a defendant must be detained pending trial where "no condition or combination of conditions will reasonably

assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate for a defendant who is either a danger to the community or a risk of non-appearance. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

The government incorporates herein by reference its arguments for defendant's pretrial detention. (See Dkt. 15.) The United States Marshals Service and/or Los Angeles Metropolitan Detention Center have alternatives for defendants to pay their respects without being released into a third party's custody, which would not provide the same protections against risks of danger to the community and flight. See, e.g., United States v. Henley, No. 2:25-cr-00211-FLA, at Dkt. 149 ("As an alternative accommodation [to temporary release], the court offers defendant a private visitation with his deceased son and a remote video conference that would allow defendant to view the funeral service in coordination with the U.S. Marshals Service.").

Since the Marshals and Pretrial Services have not agreed to transport defendant to and from the funeral and to take responsibility for defendant during the funeral, the government respectfully requests that this Court deny the application.